UNITED STATES *v.* SEARS, ROEBUCK & Co. (No. 4213)[1]

---

[1] C. A. D. 91.

United States Court of Customs and Patent Appeals, January 4, 1940

*Webster J. Oliver*, Assistant Attorney General (*Charles D. Lawrence*, Special Assistant to the Attorney General, and *William J. Vitale*, Special Attorney, of counsel), for the United States.

No appearance for appellee.

[Oral argument December 8, 1939, by Mr. Lawrence]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

The issue in this appeal is whether certain small accordions imported at Dallas, Tex., and Philadelphia, Pa., are dutiable as toys under paragraph 1513 of the Tariff Act of 1930, or as musical instruments under paragraph 1541 of said act.

Two shipments are involved and in each case the articles were classified and assessed with duty under paragraph 1513 as toys at the rate of 70 per centum ad valorem. Protests were filed against such classification claiming that the articles are dutiable under paragraph 1541 as musical instruments.

The pertinent provisions of the involved paragraphs read as follows:

PAR. 1513. * * * and all other toys, and parts of toys, not specially provided for, 70 per centum ad valorem. As used in this paragraph the term "toy" means an article chiefly used for the amusement of children, whether or not also suitable for physical exercise or for mental development. The rates provided for in this paragraph shall apply to articles enumerated or described herein, whether or not more specifically provided for elsewhere in this Act.

PAR. 1541. (a) Musical instruments and parts thereof, not specially provided for, * * * 40 per centum ad valorem; * * *

Before the Customs Court the protests were consolidated for the purposes of trial. The only evidence introduced upon the trial was a sample of the merchandise.

The trial court sustained the protests and entered judgment accordingly. From such judgment this appeal was taken.

The only question before us is whether the probative effect of the sample in evidence is sufficient to overcome the presumption of the

correctness of the classification made by the collectors. The trial court held, apparently with some reluctance, that it was sufficient.

The sample in evidence is a small accordion, about 10 inches tall and 5 inches wide, having 10 stops on one side and 2 stops on the other. It emits sounds upon being operated in the usual manner of operating accordions. It is of flimsy construction, consisting chiefly of paper and wood, and some metal. The invoice price of the articles in American money was about 29 cents each.

An inspection of the sample does not indicate to us that it is not chiefly used for the amusement of children. Whether the stops are so adjusted as to enable a musician to produce musical compositions upon the article is a question upon which we are not advised; whether it is ever used by musicians or in orchestras can, in the absence of any evidence upon the subject, be only a matter of speculation.

In the case of *United States* v. *Sears, Roebuck & Co.*, 23 C. C. P. A. (Customs) 348, T. D. 48209, a number of articles were involved which had been classified by the collectors at various ports as toys and were claimed by the importer to be classifiable as musical instruments. One of the articles is described in our opinion in that case as follows:

Exhibit 3 is an instrument made in the shape of a small sized accordion. The bellows is made of paper, and the frame of thin metal and cardboard. There are ten keys with metallic reeds on one side of the instrument and two on the other side. These twelve keys, when pressed, and the bellows operated, cause musical tones arranged in a diatonic scale to be emitted.

It thus appears that, in general construction at least, the accordions there involved were identical with the accordions the subject of this appeal. In that case the trial court, upon the samples in evidence and the testimony introduced, held that the accordions, together with the other articles involved, were musical instruments and not toys. We reversed the trial court and sustained the classification of the articles by the collectors as toys.

The case of *United States* v. *Illfelder & Co.*, 18 C. C. P. A. (Customs) 31, T. D. 44002, involved the classification of small tin ukuleles which had been classified by the collector as toys and held by the Customs Court to be musical instruments. In our opinion in that case we said:

There is no evidence in the record, of any kind, to show that the instruments are used in orchestras, in teaching music, or for any other like purpose. One witness, Victor M. Adler, in an inserted record, stated that he had seen a small ukulele used on the stage, of about the same size as the one in question here, but whether it was the same or not he did not state.

We are clearly of opinion that these goods are not musical instruments. It will be observed that Chief Justice Fischer stated in the *Bernard, Judae & Co.* case, *supra*, [13 Ct. Cust. Appls. 306, T. D. 41230] that to constitute a musical instrument the article must be capable of being played upon as a musical instrument by a person who has learned to play such an instrument. No one has contended, in

238

this case, that these imported articles are capable of being played upon, as ukuleles are usually played upon, by musicians conversant with their use. The fact that some one can painfully and arduously pick a tune, or tunes, out of one of these tin contrivances, does not at all prove its use in playing music as ukulele players would play it. In our opinion they are nothing but toys and should be classified as such.

So it can be said in the case at bar that there is no evidence in the record of any kind that the involved instruments are used in orchestras, in teaching music, or for any other like purpose. There is no evidence in this case that these articles are capable of being played upon as accordians are usually played upon by musicians conversant with their use.

It is true that a sample of an imported article introduced in evidence is sometimes alone sufficient to overcome the presumption of correctness of the collector's classification, but the sample in the case at bar is not of that character for it does not indicate in any way that it is not chiefly used for the amusement of children.

There being no evidence in the record that the involved articles are not chiefly used for the amusement of children, we must hold that the presumption of the correctness of the classification by the collector must stand, and the judgment of the Customs Court is *reversed*.